(13 Misc. Rep. 520.)

SCHAEFFLER v. MIEHLING.

(Superior Court of New York City, General Term. July 1, 1895.)

COVENANTS—AGAINST INCUMBRANCES.

    A beam right to which premises are subject in favor of adjoining premises, to continue until the wall of the servient premises is "destroyed in any manner, or torn down for the purpose of rebuilding," is an incumbrance.

Appeal from jury term.

Action by Peter Schaeffler against Charles Miehling. From a judgment entered on verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Edward Miehling, for appellant.

Frank Schaeffler, for respondent.

McADAM, J. The defendant, on October 1, 1890, conveyed the premises No. 91 Second avenue to plaintiff, by deed containing covenant against incumbrances of every character, except a mortgage of $15,000. At the time of the conveyance, the premises were incumbered by a beam right existing in favor of the adjoining premises, No. 93, created by agreement in writing, under seal, executed by the defendant and the adjoining owner; the right to continue until the wall of No. 91 "be destroyed in any manner, or be torn down for the purpose of rebuilding." This means that, unless the wall be destroyed by fire or other accidental means, or its removal be imperatively required for rebuilding on No. 91, the beam right is to continue. The appellant calls the right a "revocable license." It is more. It is an urban servitude imposed on No. 91, in the nature of an easement in favor of the adjoining property, which continues into whosesoever hands the respective estates come, subject to be defeated only by the happening of either contingency expressed in the grant. Washb. Easem. (5th Ed.) pp. 20, 605, 37. An easement always implies an interest in the land, while a mere license does not. The former passes by grant, while the latter is generally unassignable. Whatever charges or burdens real property in favor of a person other than the owner is in the nature of an incumbrance; and the beam right or easement granted in favor of No. 93 is such, within the meaning of the covenant in the grant made by the defendant to the plaintiff. The easement was buried in the wall. There was no apparent sign of servitude, and the plaintiff purchased without knowledge of its existence. The action was for breach of the covenant against incumbrances, and the plaintiff recovered $150 upon the finding of the jury that his property had been injured to that extent by the incumbrance. The plaintiff subsequently sold the property to another, who discovered the existence of the beam-right agreement, and declined to take title unless allowed $150 for the deterioration in value caused thereby. The plaintiff allowed this sum to the purchaser; and, while the actual

damages proved at the trial exceeded $150, the jury, influenced perhaps by the fact of such payment, fixed the recovery at that sum. This circumstance benefited the defendant; and, as the plaintiff does not appeal, neither party can assign as error the fixing of the damages at an amount less than that proved.

The judgment and order appealed from must therefore be affirmed, with costs. All concur.